**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------------x

CATALENT, INC.,

                       Plaintiff,                      **Civil Action No.:**

          – against –                    **NOTICE OF REMOVAL**

ILLINOIS UNION INSURANCE COMPANY and
CHUBB GROUP HOLDINGS INC.,

                       Defendants.

---------------------------------------------------------------------x

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Illinois Union Insurance Company ("IUIC") and Chubb Group Holdings Inc. ("Chubb Group"), through their undersigned counsel, hereby remove the above-captioned action from the New Jersey Superior Court, Somerset County, Docket No.: SOM-L-0617-25, to the United States District Court for the District of New Jersey. As set forth in more detail below, removal is proper based on 28 U.S.C. § 1441 and the recognized doctrine of fraudulent joinder. In support of this Notice of Removal, IUIC respectfully states as follows:

**I.    PROCEDURAL HISTORY**

1.    On or about March 21, 2025, Plaintiff Catalent, Inc. ("Plaintiff"), filed a Summons and Complaint in the New Jersey Superior Court, Somerset County, in the action styled *Catalent, Inc. v. Illinois Union Insurance Company, et al.*, Docket No.: SOM-L-0454-25 (the "Original State Court Action"). A true and accurate copy of the Complaint, Track Notice Assignment, and Plaintiff's Affidavit of Service filed in the Original State Court Action is annexed hereto as **Exhibit A**.

2.    The Original State Court Action is an insurance coverage lawsuit for declaratory judgment and breach of contract seeking coverage under a policy of insurance issued by IUIC

for purported outstanding defense and indemnity costs associated with an arbitration captioned *Catalent Pharma Solutions, LLC v. Romark Global Pharma, LLC*, No. G-23-02-N-AA (Int'l Ins. for Conflict Prevention & Resol.) (the "Arbitration").  **Exhibit A**, at ¶¶ 4, 17.

3. On April 22, 2025, IUIC removed the Original State Court Action to this Court pursuant to 28 U.S.C. § 1441 and the recognized doctrine of fraudulent joinder. A true and accurate copy of IUIC's Notice of Removal is annexed hereto as **Exhibit B.**

4. IUIC's Notice of Removal of the Original State Court Action sets forth that Plaintiff fraudulently joined Defendant Chubb Group. *See* **Exhibit B.**

5. On April 22, 2025, at 12:07 p.m., IUIC filed notice to the Superior Court of New Jersey, Law Division, Somerset County that it had removed the Original State Court Action to the United States District Court of the District of New Jersey. A true and accurate copy of IUIC's notice to the Superior Court of New Jersey of its Removal to the United States District Court is annexed hereto as **Exhibit C**.

6. IUIC also provided notice to Plaintiff's counsel of the removal via electronic mail on April 22, 2025 at 12:09 p.m.

7. In clear violation of 28 U.S.C. § 1446's mandate that the Superior Court of New Jersey "may proceed no further unless and until the case is remanded" upon written notice of the removal, Plaintiff improperly filed a First Amended Complaint after the removal in the Original State Court Action on April 22, 2025, at 12:57 p.m. A true and accurate copy of Plaintiff's improperly filed First Amended Complaint is annexed hereto as **Exhibit D.**

8. Then, instead of following the proper federal procedure and moving to remand, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice of the removed Original State Court Action. A true and accurate copy of Plaintiff's Rule 41(a) Notice of Voluntary Dismissal Without Prejudice is annexed hereto as **Exhibit E**.

9. Plaintiff then filed a new Summons and Complaint in the New Jersey Superior Court, Somerset County, styled *Catalent, Inc. v. Illinois Union Insurance Company, et al.*, and bearing the new Docket No.: SOM-L-0617-25 (the "Second State Court Action") on April 24, 2025. A true and accurate copy of the Complaint, Track Notice Assignment, and Plaintiff's Affidavit of Service filed in the Second State Court Action is annexed hereto as **Exhibit F**.

10. Plaintiff's Complaint in the Second State Court Action contains the same exact claims of declaratory judgment, breach of contract, and attorneys' fees and costs as the Complaint filed in the Original State Court Action, with the sole addition of a cause of action for "Piercing the Corporate Veil" against Chubb Group, along with allegations purportedly offered in support of that claim. *See* **Exhibit A;** *see also* **Exhibit F**. As set forth in more detail below, these claims are improper and cannot serve to destroy diversity of citizenship under the fraudulent joinder doctrine.

## II.   TIMELINESS OF REMOVAL

11. Plaintiff's Affidavit of Service states that IUIC and Chubb Group received a copy of the Summons and Complaint in the Second State Court Action on April 25, 2025.

12. As such, this Notice of Removal is timely under 28 U.S.C. § 1441, as it is filed within 30 days after receipt by IUIC and Chubb Group of the pleadings in the Second State Court Action.

13. As set forth in more detail below, IUIC and Chubb Group do not waive, or intend to waive, any defenses it might have.

## III.   VENUE

14. Venue is proper in the District of New Jersey, as the Superior Court in which the State Court Action is pending is within the jurisdictional confines of the District. *See* 28 U.S.C. § 1446(a).

## IV. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

15. Civil actions commenced in a state court, over which federal district courts have original jurisdiction, may be removed by a defendant to the federal district court for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441(a).

16. United States District Courts have original jurisdiction over all civil actions in which the matter in controversy exceeds the sum of $75,000 (exclusive of interest and costs), and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1).

17. This action is removable from the New Jersey Superior Court, Somerset County, to the United States District Court for the District of New Jersey on the basis of subject matter jurisdiction based on diversity citizenship pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a), because the action is between citizens of different States, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000. 28 U.S.C. § 1441(b).

18. IUIC and Chubb Group hereby exercise their rights, under 28 U.S.C. § 1441, *et seq.*, to remove this action from the New Jersey Superior Court, Somerset County, in which the action is now pending, to the United States District Court for the District of New Jersey.

### A. Amount in Controversy

19. The Second State Court Action is an insurance coverage dispute for declaratory judgment and breach of contract, in which Plaintiff allegedly seeks defense and indemnity costs under a policy of insurance issued by IUIC. The causes of action alleged in the Complaint are for declaratory judgment, breach of contract, piercing the corporate veil, and attorneys' fees, expenses, and costs. *See* **Exhibit F**.

20. Catalent claims that it is entitled to defense and indemnity under a policy of insurance that provides limits of $10 million. Accordingly, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

B. **Diversity of Citizenship**

21. According to the Complaint filed in the Second State Court Action, Plaintiff Catalent, Inc. is a corporation incorporated under the laws of the state of Delaware, with its headquarters and principal place of business in New Jersey. For purposes of diversity of citizenship, Plaintiff is a citizen of Delaware and New Jersey.

22. Defendant IUIC is a corporation incorporated under the laws of the state of Illinois, with its headquarters and principal place of business in Pennsylvania. Accordingly, IUIC is a citizen of Illinois and Pennsylvania.

23. Defendant Chubb Group is a corporation incorporated under the laws of the state of Delaware, with its headquarters and principal place of business in Delaware. Plaintiff has fraudulently joined Chubb Group, *again*, in an attempt to destroy diversity and avoid removal.

24. Notwithstanding the non-diverse citizenship of Chubb Group, this action is nonetheless removable where the citizenship of IUIC is diverse from Plaintiff and the citizenship of Chubb Group is to be disregarded under the doctrine of fraudulent joinder.

C. **The Court Should Disregard The Citizenship of Chubb Group Holdings Inc. Under The Fraudulent Joinder Doctrine**

25. This Circuit recognizes that fraudulent joinder is an exception to the general requirement for original federal court jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a). Although the statute requires complete diversity between parties, a defendant may remove the action to federal court under 28 U.S.C. § 1441(b) if the diversity-destroying defendant was "'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006); see also *Pegg v. United Servs. Auto. Ass'n*, No. 09-cv-2108 (SRC), 2009 U.S. Dist. LEXIS 82081, at *1 (D.N.J. Sept. 9, 2009) (motion to remand denied and fraudulently joined defendant dismissed).

26. Joinder is fraudulent if there "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or to seek joint judgment." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009); *see Blackman & Co, Inc. v. GE Business Financial Servs, Inc.*, No. 15-7274 (NHL/JS), 2016 U.S. Dist. LEXIS 56576, at *6 (D.N.J. Apr. 28, 2016) ("The use of term 'fraudulent' in the joinder context is usually a misnomer in that it implies that a party has committed fraud. The term 'fraudulent joinder' does not 'require a showing of fraud in the conventional sense; it in no way reflects on the integrity of plaintiff or of plaintiff's counsel.'") (quoting *Am. Dredging Co. v. Atl. Sea Con, Ltd.*, 637 F. Supp. 179, 183 (D.N.J. 1986)).

27. Upon a finding of fraudulent joinder, a court can disregard the citizenship of the fraudulently joined non-diverse party, assume jurisdiction of the action, dismiss the non-diverse party, and retain jurisdiction. *Briscoe*, 448 F.3d at 216.

28. Here, Chubb Group is fraudulently joined because there is no "reasonable basis in fact or colorable ground" supporting Plaintiff's claims for direct liability against Chubb Group, and there is also no basis for piercing the corporate veil.

29. ***First***, there is no reasonable basis for Plaintiff's breach of contract and declaratory judgment claims against Chubb Group because it did not issue the Policy nor did it have any involvement in the handling of Plaintiff's claim.

30. Under well-established New Jersey law, only the insurer who issued the insurance policy to the insured may be subsequently sued by the insured for coverage under the policy. *See, e.g.*, *Ricoh Company, Ltd.*, 817 F. Supp. 473 (D.N.J. 1993); *In re Maple Contractors, Inc.*, 172 N.J. Super. 348, 354-55 (Law Div. 1979); *Mingin v. Continental Can Co.*, 171 N.J. Super. 148 (Law Div. 1979).

31. The policy of insurance referenced in the Complaint was issued by IUIC to Catalent, Inc. A true and accurate copy of the Policy's Declarations Page is annexed hereto as

**Exhibit G**. Indeed, Plaintiff itself alleges that it secured the Policy from IUIC. *See* **Exhibit F**, at ¶ 31 ("Catalent paid a premium of $1,887,000 to secure from Illinois Union Life Sciences Products-Completed Operations Liability Policy No. G28125604, with a policy period of June 15, 2022 to June 15, 2023 . . .").

   32. Any judgment issued in this case in connection with the Policy would bind the insurance writing company, IUIC.

   33. Rather than attempting to establish that Chubb Group and Plaintiff are in privity with Plaintiff, Plaintiff erroneously alleges that the "Policy is written on Chubb letterhead, with Chubb's logo being most prominent logo reflect on the Policy" and that "on information and belief" a Vice Chairman of Chubb Group signed the Policy. *See* **Exhibit F**, at ¶ 31.

   34. Plaintiff also alleges that the claims examiner and management that made coverage decisions in the connection with the Arbitration had "Chubb email addresses and signature blocks" and that claims correspondence was "sent on Chubb letterhead." *See* **Exhibit F**, at ¶¶ 17, 25, 71, 76, 82.

   35. These allegations do not change the undisputed fact that Chubb Group did not issue the Policy and therefore cannot be sued for coverage under the Policy.

   36. Furthermore, this Court has expressly rejected similarly attempts made by policyholders to use an insurance "brand" name as a basis to support their breach of contract or bad faith claims against a fraudulently joined, affiliated entity. *See, e.g., Fischer v. Chubb Ins.*, No. 16-8220 (KM) (MAH), 2016 U.S. Dist. LEXIS 170590, at *5-7 (D.N.J. Dec. 9, 2016) ("The [insureds] assume that a company using a Chubb brand name is the same legal entity as, or shares state citizenship with, other companies using the Chubb brand name. That assumption, however, is incorrect"); *Pegg*, 2009 U.S. Dist. LEXIS 82081, at *4-5 ("The fact that the USAA logo appears sporadically throughout the insurance policy does not impose a contractual obligation upon USAA to insure the Plaintiff").

37. Even if Plaintiff's allegations had any legal import, which they do not, the allegations are baseless.

38. IUIC is a subsidiary of Pacific Employers Insurance Company, which is a subsidiary of ACE American Insurance Company, which is a subsidiary of INA Holdings Corp., which is a subsidiary of INA Financial Corp, which is a subsidiary of INA Corp, which is a subsidiary of Chubb INA Holdings LLC, which is a subsidiary of Chubb Group. Accordingly, IUIC is an indirect subsidiary of Chubb Group. A true and accurate copy of the Declaration of Brandon Peene Corporate Secretary for IUIC is annexed hereto as **Exhibit H.**

39. Chubb Group operates as a holding company and is separate and distinct from IUIC. *See id.*

40. Chubb Group is not an underwriting company and does not issue or write policies of insurance, but owns interests in various subsidiary companies, including IUIC, that write and issue insurance policies. *Id.*

41. Contrary to Plaintiff's allegations, Chubb Group did not investigate, adjust, or make decisions regarding Plaintiff's claim for coverage in connection with the Arbitration.

42. Accordingly, there is no reasonable basis or colorable ground for Plaintiff to state a claim against Chubb Group for breach of contract, declaratory judgment, or attorneys' fees or costs in this insurance coverage action.

43. *Second*, there is no reasonable possibility that Plaintiff could succeed in piercing the corporate veil to impute any alleged liability of IUIC to Chubb Group because the two companies are wholly separate and distinct entities.

44. As set forth above, IUIC removed the Original State Court Action based on Plaintiff's fraudulent joinder of Chubb Group to defeat diversity. *See* **Exhibit B.** IUIC's Notice of Removal stated that Plaintiff's Complaint in the Original State Court Action failed

to plead any wrongdoing against Chubb Group or otherwise establish how Chubb Group was liable in this insurance coverage action. *See* **Exhibit B.**

45. In an overt example of gamesmanship and forum shopping, Plaintiff then voluntarily dismissed the removed Original State Court Action and filed the Complaint in the Second State Court Action to include unfounded veil-piercing allegations "on information and belief." *See* **Exhibit E**; *see also* **Exhibit F**. This Court should disregard the citizenship of Chubb Group and dismiss it as a fraudulently joined party because Plaintiff's veil-piercing claim will also fail.

46. It is a basic principle of corporate law that a parent corporation may not be held liable for the acts of a subsidiary based on the parent-subsidiary relationship alone. *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998); *see also Dept. of Env't Prot. v. Ventron Corp.*, 94 N.J. 473, 468 (N.J. 1983) (courts "begin with the fundamental proposition[] that a corporation is a separate entity from its shareholders . . . and that a primary reason for incorporation is the insulation of shareholders from the liabilities of the corporate enterprise.").[1]

47. Under New Jersey common law, "it is difficult for a plaintiff to pierce the corporate veil." *Local 397, Int'l Union of Elec., Elec. Salaried Mach. & Furniture Workers, AFL-CIO v. Midwest Fasteners, Inc.*, 779 F. Supp. 788, 792-93 (D.N.J. 1992); *see, e.g., N. Am. Steel Connection, Inc. v. Watson Metal Prods. Corp.*, 515 Fed. Appx. 176, 180 (3d Cir. 2013) (noting the standard is "notoriously difficult" to meet); *Cleveland-Cliffs Burns Harbor Llc v. Boomerang Tube, LLC*, No. 2022-0378-LWW, 2023 Del. Ch. LEXIS 359, at *4 (Del. Ch. Sept.

---

[1] While New Jersey courts generally apply the law of the state formation to a veil-piercing analysis, there is no conflict of law between New Jersey and Delaware law with respect to the standard for veil-piercing. *See Preferred Real Estate Invs., LLC v. Lucent Techs., Inc.*, No. 07-cv-5374 (DMC), 2009 U.S. Dist. LEXIS 51805, at *3 (D.N.J. June 19, 2009) (applying Pennsylvania law to a veil-piercing claim because the targeted entities were incorporated in Pennsylvania because the "apparent weight of authority agrees that veil-piercing analysis is governed by the law of the state of formation") (internal quotation marks and citation omitted); *see also Fagan v. Fischer*, No. 14-7013, 2019 U.S. Dist. LEXIS 188078, at *77-78 (D.N.J. Oct. 30, 2019) (ruling that Neil Jersey's veil-piercing is substantially similar to that of Delaware and applying New Jersey law).

5, 2023) ("Delaware courts depart from [the] general rule [of corporate separateness] only in exceptional circumstances.").

48. The exception for a parent company to be held liable for the actions of a subsidiary is if: "(1) one corporation is organized and operated as to make it a mere instrumentality of another corporation, and (2) the dominant corporation is using the subservient corporation to perpetrate a fraud, to accomplish injustice, or to circumvent the law." *Bd. of Tr. of Teamsters Loc. 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 171 (3d Cir. 2002); *see also Manichaean Capital, LLC v. Exela Techs., Inc.*, 251 A.3d 694, 707 (Del. Ch. 2021).

49. Courts will consider a combination of the following factors in considering the first element: (1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent at the time; (3) whether corporate formalities were observed; (4) whether the dominant shareholder siphoned company funds; (5) the non-functioning of other officers or directors; (6) the absence of records; and (7) whether, in general, the company simply functioned as a facade for the dominant shareholder. *Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir. 1988) (quoting *Am. Bell v. Fed. of Tel. Workers*, 736 F.2d 879, 886 (3d Cir. 1984)); *see also Doberstein v. G-P Indus.*, No. 9995-VCP, 2015 Del. Ch. LEXIS 275, at *4 (Del. Ch. Oct. 30, 2015).

50. With respect to the second element, piercing the corporate veil requires that the situation "must present an element of injustice of fundamental unfairness." *Local 397, Int'l Union of Elec.,* 779 F. Supp. at 793; *see also Outokumpu Eng'g Enter., Inc. v. Kvaerner Enviropower, Inc.*, Del. Supr., 685 A.2d 724, 729 (1996) ("Effectively, the corporation must be a sham and exist for no other purpose than as a vehicle for fraud.").

51. Plaintiff's Complaint in the Second State Court Action comes nowhere close to pleading a veil-piercing theory of liability. Indeed, Plaintiff alleges that Chubb Group exercises

control over and is the ultimate decision maker for IUIC. *See* **Exhibit F**, at ¶¶ 22, 25. Plaintiff alleges that IUIC "may be undercapitalized" and "may pay excessive dividends 'upstream'" to Chubb Group. *Id.* ¶ 23. Plaintiff's allegations—made "on information and belief"—are not remotely colorable, as conclusively established by an affidavit from IUIC's Corporate Secretary, explaining that Chubb Group did not the issue the Policy or make any decisions regarding claims and coverage under the Policy. *See* **Exhibit H**.

52.     Most importantly, Plaintiff's veil-piercing theory fails because the *only* allegation of "fraud" or "injustice" to support piercing the corporate veil is that IUIC denied coverage to Plaintiff and Plaintiff was "denied the opportunity to transparently pursue the rationale behind Chubb's claims handling practices." *See* **Exhibit F**, at ¶ 118. In essence, Plaintiff alleges the "fraud" is the purported breach of contract.

53.     Allegations of breach of contract are not sufficient to support piercing the corporate veil unless the plaintiff alleges how the entities used the corporate form to perpetrate a fraud or injustice. *See Celularity Inc. v Evolution Biologyx, LLC*, No. 23-cv-2135 (EP) (LDW), 2024 U.S. Dist. LEXIS 22672, at *11-13 (D.N.J. Feb. 8, 2024) (citing *Harrison v. Soroof Int'l, Inc.*, 320 F. Supp. 3d 602, 619-20 (D. Del. 2018) ("For example, while any party that brings a legal claim (e.g. for breach of contract[]) against a purported alter ego company can assert that an 'injustice' is being done to them (e.g. based on the facts that give rise to their claim for breach of contract[]), that is not the kind of 'injustice' that is relevant.")).

54.     Plaintiff alleges, "on information and belief" that Chubb Group "abused the corporate form to . . . make wrongful misrepresentations, denials and/or underpayment of claims" and that Plaintiff was "denied an opportunity to transparently pursue the rationale behind Chubb's claims handling practices," yet Plaintiff does not identify a single misrepresentation made by Chubb Group or an example of when Plaintiff was purportedly denied such an opportunity. *See* **Exhibit F**, at ¶¶ 26, 118. In fact, the only purported "fraud"

claimed by Plaintiff is the basis of its breach of contract claim against IUIC, which is legally insufficient to justify piercing the corporate veil.

55. Moreover, to the extent that Plaintiff claims the use of the "Chubb" brand name on letterhead, email signature blocks, or logos supports veil-piercing, that theory has been considered and rejected by this Court. *Pegg*, 2009 U.S. Dist. LEXIS 82081, at *5 (ruling the insured failed to allege any facts to support piercing the corporate veil of the parent company despite the presence of the parent company's logo on the insurance policy).

56. In short, Plaintiff cannot establish that Chubb Group and IUIC operate as a single entity or that IUIC is a sham that exists for no other purpose than perpetrating a fraud to support a veil-piercing claim against Chubb Group.

57. For these reasons, the fraudulent joinder doctrine is applicable, and the citizenship of the fraudulently joined Chubb Group is disregarded for jurisdictional purposes.

58. As such, removal is appropriate as this is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and is one that may be removed to this Court by IUIC and Chubb Group pursuant to 28 U.S.C. § 1441(a) based on diversity of citizenship and the fraudulent joinder doctrine.

## **CONCLUSION**

59. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal have this day been served upon Plaintiff, and will be promptly filed with the Clerk of the Superior Court of New Jersey and the Clerk of the Superior Court in Somerset County, New Jersey.

60. By removing this matter, IUIC and Chubb Group do not waive, or intend to waive, any defenses they might have, including, but not limited to, insufficiency of process and/or lack of personal jurisdiction, and reserve the right to assert all defenses herein.

61.     If any questions arise concerning the propriety of this removal, IUIC and Chubb Group requests that they be allowed to file a brief supporting removal and be heard in oral argument.

**WHEREFORE**, IUIC and Chubb Group respectfully request that Plaintiff's state court action styled *Catalent Inc. v. Illinois Union Insurance Company, et al.*, Docket No.: SOM-L-0617-25, filed with the Superior Court of New Jersey, Law Division, Somerset County, be removed in its entirety to the United States District Court for the District of New Jersey as provided by law, and pursuant to 28 U.S.C. § 1446(d), that the Superior Court of New Jersey, Law Division, Somerset County proceed no further unless and until this case is remanded.

Dated: May 27, 2025

>                                 Respectfully submitted,
>                                 KENNEDYS CMK LLP
>
>                                 __/s/ *Neil V. Mody*_____
>                                 Neil V. Mody, Esq.
>                                 120 Mountain View Blvd
>                                 P.O. Box 650
>                                 Basking Ridge, NJ 07920
>                                 *Attorneys for Defendant,*
>                                 *Illinois Union Insurance Company and*
>                                 *Chubb Group Holdings Inc.*